UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PATRICIA SCHUPPERT, *an individual*, | Case No. 3:19-CV-1865-AC |
| Plaintiff, | FINDINGS & RECOMMENDATION |
| v. | |
| ORCHARD SUPPLY CO., LLC, *a foreign limited liability company doing business as* Orchard Supply Hardware, *a wholly owned subsidiary of* LOWE'S COMPANIES, INC., *a foreign corporation*; LOWE'S HOME CENTERS, LLC, *a foreign limited liability company*, | |
| Defendants, | |

ACOSTA, Magistrate Judge:

*Introduction*

Currently before the court is a motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure ("FRCP") 41(b) and for discovery sanctions pursuant to FRCP 37(d), filed by defendants Orchard Supply Co., LLC, Lowe's Companies, Inc., and Lowe's Home Centers,

Page 1 – FINDINGS & RECOMMENDATION

LLC (collectively, "Defendants"). (Defs.' Mot. to Dismiss, ECF No. 52). The discovery sanction that Defendants seek is dismissal. (*Id.* at 14). For the foregoing reasons, this court recommends that Defendants' motion be GRANTED and this case DISMISSED with prejudice.

*Factual Background*

Plaintiff Patricia Schuppert ("Plaintiff"), representing herself, filed this action against her employer in November 2019, alleging various claims related to gender discrimination, racial discrimination, and sexual harassment under federal and state law. (Compl., ECF No. 1). The court granted Plaintiff's application to proceed *in forma pauperis* ("IFP"). (Order Granting Mot. to Proceed IFP, ECF No. 3). The court conditionally appointed Plaintiff pro bono counsel on three separate occasions. The first counsel declined. (Pro Bono Appt. Resp., ECF No. 22). During discovery conferral in February 2021, Plaintiff's second pro bono counsel withdrew "[f]or professional reasons" and the counsel advised Plaintiff that "a lack of legal representation in this matter could result in the dismissal of the case." (Motion to Withdraw, ECF No. 39). In early March 2021, this court conditionally appointed a third pro bono counsel. However, that attorney reported Plaintiff "has not responded to any of my attempts to make contact with her" and thus declined representation. (Pro Bono Appt. Resp., ECF No. 45). In communications with Defendants' counsel later that month, Plaintiff indicated that she was aware of the third attorney's attempt to contact her and would "continue to act on my own" in the case. (Decl. of Brett Hamilton ("Hamilton Dec.") ¶ 5, ECF No. 53-1). To accommodate the delays caused by these changes-of-counsel, the court granted four extensions of discovery deadlines. (Scheduling Order, ECF Nos. 30, 33, 36, 42).

At Defendants' request, the court held a Status Conference on April 26, 2021 to discuss Plaintiff's failure to respond to pro bono counsel and to Defendant's discovery requests. (Defs.'

Page 2 – FINDINGS & RECOMMENDATION

Status Report at 4, ECF No. 48; Defs.' Mot. to Dismiss at 4, ECF No. 52). Plaintiff did not attend the hearing. (Minutes of Proceeding, ECF No. 50).

On April 30, 2021, Defendants sent a letter notifying Plaintiff that, because she had not provided potential dates for her deposition, they "planned to proceed with noticing [her] deposition on May 26, 2021." ((Hamilton Dec. ¶ 4, Ex. 2) (emphasis omitted)). Defendants properly served Plaintiff with Notice of Virtual Videotaped Deposition on May 3, 2021. (*Id.* ¶ 5, Ex. 3). Plaintiff confirmed receipt of that notice on multiple occasions, including during telephone calls with Defendants on May 4, 2021 and May 26, 2021. (*Id.* ¶ 6, Ex. 4; ¶ 10).

On May 26, 2021, Plaintiff failed to appear for her deposition. (*Id.* ¶ 10). Approximately twenty minutes after the deposition was scheduled to begin, Plaintiff called Defendant's counsel to inform them she would not be attending. (*Id.*). Plaintiff stated that she had been recently incarcerated and had been released the morning of May 25, 2021. (*Id.*). At the time, Plaintiff indicated that she was going to retrieve her car from an impound lot instead of attending her deposition. (*Id.*). However, during a telephone call with Defendants' counsel on May 27, 2021, Plaintiff indicated that she had not yet retrieved her vehicle. (*Id.* ¶ 14).

On June 7, 2021, Defendants filed the instant motion to dismiss. (Defs.' Mot. to Dismiss, ECF No. 52). Plaintiff was sent a Scheduling Order via mail and email, indicating that the motion would be taken under advisement on September 7, 2021. (Clerks Notice of Mailing to Pl. regarding Status Conference, ECF No. 51). On June 14, 2021, Plaintiff responded to the court and Defendants' counsel by email, indicating "I will do what is necessary and with my rights to proceed until a reasonable settlement has earned [sic] reached." (Communication to Ct. and Counsel from Pl., ECF No. 57). To date, Plaintiff has not filed a response to Defendants' motion.

On June 30, 2021, Plaintiff contacted the court via email asking the court for assistance in reaching a settlement agreement with Defendants. (Minutes of Proceeding, ECF No. 60). On July 7, 2021, the court conducted a telephone status conference with the parties to discuss Plaintiff's June 30, 2021 email. (*Id.*). The court granted Plaintiff's request for an extension of time until August 2, 2021, to respond to Defendant's motion to dismiss and notified Plaintiff that the motion would be taken under advisement on October 4, 2021.

*Legal Standard*

Defendants move to dismiss this case for failure to prosecute. Under FRCP 41(b), a plaintiff's failure to diligently prosecute her claim is grounds for dismissal. FED. R. CIV. P. 41(b). To avoid dismissal under Rule 41(b), the plaintiff must demonstrate "reasonable diligence" in pursuing her claims. *McLean v. Shelton*, 2016 WL 11384327, *1 (D. Or. 2016) (citing *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) ("[F]ailure to prosecute diligently is sufficient by itself to justify dismissal, even in the absence of a showing of actual prejudice to the defendant from failure."). Unless the dismissal order states otherwise, dismissal under Rule 41(b) "operates as an adjudication on the merits." FED. R. CIV. P. 41(b). Given the potential for that harsh result, courts first consider less drastic alternatives, such as "arranging for substitute counsel or [] continuing the proceedings in order to allow plaintiff to come into compliance with a pretrial order." *Von Poppenheim v. Portland Boxing & Wrestling Co.*, 442 F.2d 1047, 1053 (9th Cir. 1971). "The district judge, however, need not exhaust [all alternatives] before finally dismissing a case." *Id.* at 1053-1054.

Alternatively, Defendants seek dismissal under Rule 37. Under Rule 37(d), where a party fails to attend its own properly noticed deposition, the court may order any sanctions listed in Rule 37(b)(2)(A)(i)-(vi). FED. R. CIV. P. 37(d)(1), (3). That list of sanctions includes dismissal. FED.

Page 4 – FINDINGS & RECOMMENDATION

R. CIV. P. 37(b)(2)(A)(v). Because dismissal is a harsh sanction, a court must first weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone v. U.S. Postal Service*, 833 F.3d 128, 130 (9th Cir. 1987); *Fletcher v. U.S. Dep't of Agric.*, 2021 WL 1857407, *2 (D. Or. 2021).

*Discussion*

The court finds that dismissal of this case is appropriate under both Rule 41(b) and Rule 37. First, Plaintiff's failure to attend two mandatory events in this case—the April 26 Telephone Conference and May 26 deposition—demonstrates that she has not exercised reasonable diligence in pursuing her claims. Notably, Plaintiff's non-appearance at both events appears voluntary; she gave no reasons for failing to attend the April 26, 2021 Telephone Conference and no advance notice that she would be unable to attend her deposition. While the court is cognizant that Plaintiff's ability to prosecute her suit may have been limited by circumstances related to her incarceration and homelessness, Plaintiff's communication and knowing decision-making in this case falls short of reasonable diligence. Further her explanation for failing to attend her deposition – retrieving her car from an impound lot – does not justify or excuse that failure, especially given that she did not pick up her vehicle at that time. Plaintiff has provided no other excuse for her absence. Accordingly, the court interprets Plaintiff's failure to attend her deposition as knowing and willful.

Moreover, the court has already explored less severe alternatives to dismissal in this case by appointing Plaintiff pro bono counsel on three occasions and by extending discovery deadlines on multiple occasions. Despite these opportunities, Plaintiff failed to respond to her most recently

Page 5 – FINDINGS & RECOMMENDATION

appointed pro bono counsel, has not meaningfully participated in discovery, and has taken no initiative in her case since filing it in November 2019. Because there is no indication that additional less drastic alternatives would improve Plaintiff's participation in this case, the court recommends this case be dismissed.

Similarly, dismissal under Rule 37 is appropriate because it is supported by four of the five determining factors. The only factor that does not support a decision to dismiss is the public policy favoring disposition of cases on their merits, but this is outweighed by the four other factors. Both the public's interest in expeditious resolution of litigation and the court's need to manage its docket support dismissal because Plaintiff's failure to meaningfully engage in discovery, respond to appointed counsel, and attend mandatory events has effectively brought this case to a standstill for many months. "The public's interest in expeditious resolution of litigation always favors dismissal." *Fry v. Solomon*, Case No., 2009 WL 10731039, *2) (D. Or. 2009) (citing *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal citations omitted). Dismissal also prevents the risk of prejudice to Defendants, which is otherwise significant in this case given Plaintiff's failure to attend her deposition. *Id.* (*citing Brittman v. U.S. Air Funds Inc.*, Case No., 2009 WL 1259980, *2 (D. Ariz 2009) (defendant is prejudiced if unable to move forward with his defense or obtain discovery). Finally, as discussed above, the court has explored less drastic sanctions and does not consider them effective in this case. Because four of the five factors strongly favor dismissal, this case should be dismissed.

*Conclusion*

Based on the foregoing, the court recommends Defendants' motion be GRANTED and this case be DISMISSED with prejudice.

*Scheduling Order*

Page 6 – FINDINGS & RECOMMENDATION

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 14 days. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 27th day of January, 2022.

_____
JOHN V. ACOSTA
United States Magistrate Judge